450

(No. 1829—

JAMES E. CHASE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

JAMES E. CHASE, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant, James E. Chase, filed his petition setting forth that on the 4th day of August, 1931, he was employed by the State of Illinois at the Elgin State Hospital as mechanics helper, and had been so employed for sometime prior thereto, and at the direction of his superior officer, he was requested to frame a piece of lumber, and in doing this he was using a jointer. During the process of the work and while pressing down with his left hand, the knives struck a knot which hurled the timber from under his hand, permitting his left hand to drop into the knives, badly lacerating the third, fourth and fifth fingers of the left hand. He was taken to a hospital and given immediate attention where he was confined three weeks, being under the care of Dr. Wiltrakis. About 1:30 o'clock on the same afternoon, the third finger was amputated at the first joint and both the fourth and fifth fingers were amputated at the second joint, and he claims Fifteen Hundred Dollars ($1,500.00) damages.

It appears from the record that the claim arose out of and in the course of employment and that the proper authorities had prompt notice, and the State is bound by the provisions of the Workmen's Compensation Act.

Under the Compensation law, Item 3, subsection (e) Section 8 of the Workmen's Compensation Act provides that for the loss of a second finger, the employee shall receive fifty percentum of the average weekly wage during thirty-five weeks. The employee was earning from $115.00 to $120.00 a month at the time he was injured. The record does not disclose that he had any dependents.

Section 4 of the same subsection above referred to, provides that for the loss of the third finger, the employee shall receive fifty percentum of the average weekly wage during twenty-five weeks.

Item 5 of the same subsection provides that for the loss of a fourth finger, the employee shall receive fifty percentum of the average weekly wage during twenty weeks.

Under Item 6 of the same subsection it is provided that the loss of the first phalange of the finger shall be considered equal to the loss of one-half of such finger and compensation shall be one-half of the amounts above specified.

The maximum amount which this employee would be entitled to under the Compensation Act would be Fifteen Dollars ($15.00) per week. He therefore would be entitled to one-half of the amount of 35 weeks at $15.00 per week, because but one phalange was amputated, or ........... $262.50
For the third finger, 25 weeks at $15.00 per week, or 375.00
For the fourth finger, 20 weeks at $15.00 per week, or 300.00

making a total of ............................... $937.50.

We, therefore, award the claimant here, the sum of Nine Hundred Thirty-seven Dollars and Fifty Cents ($937.50).